So Ordered.

Dated: November 6th, 2015



Frederick P. Corbit
Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| In re: | No.: **15-01228-FPC11** |
|---|---|
| **SEAN DOMINIC & TINA MARIE CRESAP, dba CRESAP ORTHOTICS & PROSTHETICS, INC.,** | Chapter **11** |
| | **FINDINGS OF FACT** |
| Debtors. | |

**THIS MATTER** coming before the Court for hearing on November 5, 2015, upon the issues raised by Debtors' request for confirmation of Debtors' First Amended Plan of Reorganization filed on August 18, 2105 [*Docket No. 146*] (the "Plan"), and based upon the evidence produced, the Court now makes the following:

**FINDINGS OF FACT**

1. The Debtors' Plan was submitted to Creditors and other parties in interest;

2. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

Findings of Fact-1

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

3. The provisions of Chapter 11 of the United States Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law;

4. (a) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Code on such date, or (b) the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan;

5. All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court;

6. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, or (b) if the Plan is a plan of liquidation, the Plan sets a time period in which liquidation will be accomplished, and provides for the eventuality that the liquidation is not accomplished in that time period;

7. Pursuant to the Plan, the following acts or events constitute substantial consummation of the Plan: sixty (60) days following Confirmation, provided that Debtors have paid all installments provided by this Plan to be paid within that time;

8. Creditors were given Notice of Confirmation and no objections thereto were made, or if made, have been withdrawn, resolved or overruled; and

9. It is proper that the Plan be confirmed, subject to the following:

Findings of Fact-2

SOUTHWELL & O'ROURKE, P.S.
A PROFESSIONAL SERVICE CORPORATION
ATTORNEYS AT LAW
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

A. Notwithstanding any provision of the Plan to the contrary, the Commercial Guarantee executed by Debtor on August 15, 2013 of the indebtedness of Cresap Orthotics & Prosthetics, Inc.'s ("CO&P, Inc.") to Cashmere Valley Bank ("Cashmere") arising from a Promissory Note dated August 15, 2013 by CO&P, Inc. in favor of Cashmere shall remain in full force and effect; provided however, that Cashmere may not declare a default on CO&P, Inc. due to the guarantor filing this bankruptcy case, and any claim of Cashmere arising from the guarantee against Debtors shall be a Class 17 (Unsecured Creditors) claim.

B. Notwithstanding any provision in the Plan to the contrary, the Crescent Bar Condo (Art. I, def. #12) may not be sold on a land payment installment contract without prior notice of intention to sell on a land payment installment contract and then written approval of Allowed Claim of Class 7 (Homestreet Bank). The regular monthly payment of the Allowed Claim of Class 7 referenced in the Plan is corrected to $1,846.71. Provided the Crescent Bar Condo is not abandoned or sold, the post-petition arrearage due the Allowed Claim of Class 7 in the sum of $15,057.77 shall be cured in full in six (6) equal monthly payments of $2,509.63 due on the 15th of the month starting in December, 2015, and continuing through May, 2016. The regular post-petition payments are due on the 1st day of each month beginning in December, 2015.

///END OF ORDER///

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.

BY: s/ Kevin O'Rourke
    KEVIN O'ROURKE, WSBA #28912
    Attorneys for Debtors

Findings of Fact-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159